# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL TOLENTINO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § § § | |
| Plaintiffs, | § § | Civil Action No. 2:09-cv-326 |
| VS. | § § | JURY TRIAL DEMANDED |
| C & J ENERGY SERVICES, INC., | § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. 216(b) |
| Defendant. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to Section 207 and Section 216 of the Fair Labor Standards Act of 1938 (FLSA), Plaintiff Michael Tolentino, Individually, and on Behalf of all others Similarly Situated, file this Original Compliant against Defendant C & J Energy Services, Inc., and show as follows:

**A. Parties**

1. The named plaintiff in this case is Michael Tolentino. He is an individual and resident of Nueces County, Texas.

2. The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C § 216(b) is defined as "all persons employed by Defendant in

'Operator' and 'Supervisor' and similar positions positions at Defendant's Robstown, Texas and Marshall, Texas facilities, respectively, between November 21, 2006, and the present." ("Putative Class Members"). The precise size and the identity of the Putative Class Members should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant and/or its related and affiliated entities.

3. Defendant C & J Energy Services, Inc., is a corporation authorized to conduct business in the State of Texas. Defendant may be served with process by serving its registered agent for service, C. T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

**B. Jurisdiction**

4. This Court has subject matter jurisdiction of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The plaintiffs' claims arise under § 207 of the FLSA. This case presents a federal question.

**C. Venue**

5. Pursuant to 29 U.S.C. § 1132(e)(2), venue for this suit is proper in this district and division because it is the district and division where the alleged events occurred.

**D. Facts**

6. The plaintiff and all others similarly situated are existing and/or former employees of Defendant.

7. During the relevant time period, the plaintiff and all others similarly situated

worked at the offices of Defendant in Robstown and/or Marshall, Texas. Based on the nature of their employment, job duties and responsibilities, the defendants are considered blue-collar workers. None had any managerial or supervisory duties and responsibilities.

8. Plaintiff Michael Tolentino was employed by Defendant from October 2005 to February 2009. From October 2005 to June 2007, he was employed as an operator. During this period, he was responsible for driving a truck and performing coil tubing services. From June 2007 to February 2009, he was employed as a supervisor. During this period, his responsibilities did not change. He performed the same duties as an operator.

9. The plaintiff was paid a fixed salary. He regularly worked more than 96 hours per week. However, he never received any overtime pay for hours worked in excess of 40 hours of per week.

10. Based upon information and belief, the Putative Class Members were or are employees of the Defendants, and employed as operators, service technicians, supervisors or other blue-collar workers, and who regularly worked in excess of 40 hours per week, were paid fixed salaries by the Defendant, but never received any overtime pay for hours worked per week in excess of 40 hours.

11. Further, based upon information and belief, the failure to pay overtime wages to the Putative Class Members caused by the Defendant's unlawful compensation

practices result in the Putative Class Members being similarly situated to the Plaintiffs, especially because they all shared the same or substantially similar job duties.

12.  Further, based upon information and belief, the failure to pay overtime wages as required by the FLSA results from generally applicable policies and practices and do not depend on the personal circumstances of the Plaintiff and the Putative Class Members.  Thus, the Plaintiffs' experiences are typical of the experience of the Putative Class Members.

13.  Further, based upon information and belief, the specific job requirements of the various Putative Class Members do not prevent collective treatment.  All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for their labor and for all hours worked in excess of 40 hours per week.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  Accordingly, the class of similarly situated plaintiffs is properly defined as:

> "**All persons employed by Defendant in Operator or Supervisor positions at Defendant's Robstown, Texas, and Marshall, Texas facilities between November 21, 2006, and the present.**"

**E.  Cause of Action**

    **Count 1-Violation of FLSA**

14.  The plaintiffs incorporate within Count 1 all of the factual allegations set forth in paragraphs 1-13, *supra*.

15. During the relevant periods, the Defendant has violated, and is believed to be continuing to violate, Section 207 of the FLSA by employing the Plaintiffs and other employees who in any workweek engage in and/or are employed in an enterprise engaged in commerce or in the production of goods for commerce for a workweek in excess of forty hours and by not compensating the Plaintiffs and other employees for their employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which they are employed.  *See* 29 U.S.C. § 207(a).

16. The Defendant has knowingly, willfully or in reckless disregard carried out its illegal pattern or practice of failing to pay the Plaintiffs and all those similarly situated all their wages and overtime compensation for hours worked per week in excess of 40.  The decision made by the Defendant to not pay the Plaintiffs and Putative Class Members was neither reasonable nor in good faith.  Accordingly, the Plaintiffs and the Putative Class Members are entitled to their unpaid wages and overtime compensation under the FLSA and all other liquidated damages, as provided by law, and for which they seek form the Defendant by this suit and from this Court.

17. Pursuant to the FLSA, the Plaintiffs and the Putative Class Members also seek recovery of their reasonable and necessary costs and attorneys' fees incurred in this matter for trial and appeal, if necessary, of this suit.

## **PRAYER**

18. For these reasons, Plaintiff Michael Tolentino, Individually, and on Behalf of

all others Similarly Situated, respectfully request that Defendant C & J Energy Services, Inc., be cited to appear and answer herein and that, following final hearing, be awarded all of the unpaid back wages for unpaid overtime, liquidated damages, costs, attorneys' fees, pre-judgment interest and post-judgment interest, and for such other relief, at law or in equity, to which they may be justly entitled.

    Respectfully submitted,

    s/Jon D. Brooks
    Jon D. Brooks
    Attorney-in-Charge
    Southern District ID No. 24936
    Texas Bar No. 24004563
    400 Mann Street, Suite 1001
    Corpus Christi, Texas 78401
    361.885.7710 (telephone)
    361.885.7716 (facsimile)
    jbrooks@brooksllp.com (e-mail)

    **Attorney for Plaintiff and Putative Class Members**

OF COUNSEL

Bobby Bourlon
Southern District ID No. 1391
State Bar No. 24031753
THE BOURLON LAW FIRM
1600 E Main Street, Suite 227
Alice, Texas 78332
361.664.1000 (telephone)
361.668.9531 (facsimile)
bourlonlawfirm@yahoo.com (e-mail)

BROOKS LLP
Attorneys and Counselors at Law
400 Mann Street, Suite 1001
Corpus Christi, Texas 78401
361.885.7710 (telephone)
361.885.7716 (facsimile)
www.brooksllp.com (web)