IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL TOLENTINO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § § § | |
| Plaintiffs, | § § | Civil Action No. 2:09-cv-326 |
| v. | § § | JURY TRIAL DEMANDED |
| C&J ENERGY SERVICES, INC., | § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. 216(b) |
| Defendant. | § § | |

## DEFENDANT C&J ENERGY SERVICES, INC.'S ORIGINAL ANSWER

Defendant C&J Energy Services, Inc. ("Defendant") files this its Answer to Plaintiff Michael Tolentino's ("Plaintiff's") Original Complaint (the "Complaint"), and would show the Court the following:

## ANSWER

## RESPONSE TO PRELIMINARY STATEMENT

Defendant denies that it has violated any provision of the Fair Labor Standards Act of 1938 (the "FLSA"), including either Section 207 or Section 216 of the FLSA pursuant to which Plaintiff purports to bring claims on behalf of himself and all others similarly situated.

### A. PARTIES

1. With respect to the allegations in paragraph 1 of the Complaint, Defendant admits that the named Plaintiff is Michael Tolentino. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 1 of the Complaint regarding Plaintiff's residence, so Defendant denies all such allegations.

2. With respect to the allegations in paragraph 2 of the Complaint, Defendant admits that Plaintiff seeks to certify a class defined as "all persons employed by Defendant in 'Operator' and 'Supervisor' and similar positions positions [sic] at Defendant's Robstown and Marshall, Texas facilities, respectively, between November 21, 2006, and the present ('Putative Class Members')," but denies that Plaintiff was employed by Defendant during the time period relevant to Plaintiff's claims. Defendant denies that class certification is proper under 29 U.S.C. § 216(b), and further denies that the Putative Class Members as defined are similarly situated to each other and to Plaintiff. Defendant denies all other allegations in paragraph 2 of the Complaint.

3. With respect to the allegations in paragraph 3 of the Complaint, Defendant admits that it is a corporation authorized to conduct business in the State of Texas. Defendant admits that it may be served with process through the undersigned counsel. Defendant denies that it is a proper party to this action inasmuch as Defendant did not employ Plaintiff during the time period relevant to Plaintiff's claims.

### B. JURISDICTION

4. With respect to the allegations in paragraph 4 of the Complaint, Defendant admits that Plaintiff's claims purport to present a federal question and are asserted pursuant to § 207 of the FLSA, but Defendant denies that Plaintiff has standing to sue Defendant under such statute. Defendant denies all other allegations in paragraph 4 of the Complaint.

### C. VENUE

5. Defendant denies that it employed Plaintiff in this District, and further denies that it engaged in any unlawful or impermissible conduct giving rise to the claims asserted in the Complaint. Further, inasmuch as Plaintiff purports to include individuals that worked in

HOU:0022339/00000:1433443v2

Marshall, Texas as Putative Class Members, Defendant denies that all alleged events occurred in this district. Defendant denies all other allegations in paragraph 5 of the Complaint.

### D.   FACTS

6. With respect to the allegations in paragraph 6 of the Complaint, Plaintiff is a former employee of C&J Spec-Rent Services, Inc., a subsidiary of Defendant, so Defendant denies that Plaintiff is a former employee of Defendant. Defendant further denies that the Putative Class Members as defined are similarly situated to Plaintiff. Defendant denies al other allegations in paragraph 6 of the Complaint.

7. With respect to the allegations in paragraph 7 of the Complaint, Defendant admits that Plaintiff worked out of the Defendant's office in Robstown, Texas. Defendant denies the allegation that Plaintiff was a "blue collar worker" and further denies the allegation that Plaintiff had no managerial or supervisory duties and responsibilities. Defendant denies that the Putative Class Members are similarly situated to Plaintiff. Defendant denies all other allegations in paragraph 7 of the Complaint.

8. Defendant denies that it employed Plaintiff as asserted in paragraph 8 of the Complaint, but admits that C&J Spec-Rent Services, Inc. employed Plaintiff from November 17, 2005, through January 28, 2009. Additionally, Plaintiff was employed by C&J Spec-Rent Services, Inc. as a Supervisor from October 9, 2006 through January 28, 2009, and had duties and responsibilities during this time period that were separate and distinct from the duties of an Operator, so Defendant denies all allegations in paragraph 8 of the Complaint with respect to Plaintiff's dates of service as a Supervisor and the duties and responsibilities of such position. Defendant denies all other allegations in paragraph 8 of the Complaint.

9. During the time period relevant to this lawsuit, Plaintiff was exempt from the overtime provisions of the FLSA with respect to his employment by C&J Spec-Rent Services, Inc. Accordingly, Defendant admits the allegation in paragraph 9 of the Complaint that Plaintiff was paid by his employer, C&J Spec-Rent Services, Inc., a fixed salary with no overtime pay for hours worked in excess of 40 hours in a week. Defendant denies all other allegations in paragraph 9 of the Complaint.

10. Defendant denies all allegations in paragraph 10 of the Complaint.

11. Defendant denies all allegations in paragraph 11 of the Complaint.

12. Defendant denies all allegations in paragraph 12 of the Complaint.

13. Defendant denies all allegations in paragraph 13 of the Complaint.

### E.   CAUSE OF ACTION

14. Defendant incorporates herein by reference paragraphs 1-13, as if set forth fully herein.

15. Defendant denies all allegations in paragraph 15 of the Complaint.

16. Defendant denies all allegations in paragraph 16 of the Complaint.

17. With respect to the allegations in paragraph 17 of the Complaint, Defendant admits that Plaintiff purports to seek the recovery of costs and attorneys' fees incurred, but denies that Plaintiff or any of the Putative Class Members as defined are entitled to the recovery of such costs and attorneys' fees. Defendant denies all other allegations in paragraph 17 of the Complaint.

18. All other allegations and averments of the Complaint not heretofore admitted or denied by the Defendant are hereby denied.

### PRAYER

HOU:0022339/00000:1433443v2

19. With respect to the "Prayer" set forth on pages 5 and 6 of the Complaint, Defendant admits that Plaintiff seeks, for himself individually and on behalf of those he asserts are similarly situated, various recoveries against Defendant, but denies that it has engaged in any unlawful or illegal conduct, denies that it employed Plaintiff at any time relevant to this action, and denies that any just or proper basis exists for awarding relief against Defendant and in favor of Plaintiff or any other individuals.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

20. Each defense and affirmative defense is made without admitting the burden of proof and is stated in the alternative and exists separately from all other defenses or affirmative defenses.

21. Plaintiff, in each alleged cause of action, fails to state a claim upon which relief can be granted.

22. This action may not proceed as a collective action under the FLSA because all of the requirements of 29 U.S.C. § 216 have not been and cannot be satisfied.

23. This Court lacks subject matter jurisdiction over Plaintiff's claims against the Defendant because Plaintiff did not have an employment relationship with the Defendant during the time period relevant to Plaintiff's claims.

24. Defendant is not liable to Plaintiff in the capacity that it is being sued.

25. Defendant is not liable to Plaintiff because it does not qualify as a statutory "employer" with respect to Plaintiff under the FLSA.

26. Plaintiff's claims contained in the Complaint are barred, in whole or in part, by the applicable two (2) year statute of limitations, 29 U.S.C. § 255(a).

27. Plaintiff's claims contained in the Complaint are barred, in whole or in part, by the applicable three (3) year statute of limitations, 29 U.S.C. § 255(a).

28. If Plaintiff is found to be an employee of Defendant, which Defendant denies, Plaintiff's claims in the Complaint are barred, in whole or in part, due to Plaintiff's exempt status under the FLSA and related regulations, including but not limited to the executive, administrative, and/or highly compensated employee exemptions.

29. If Plaintiff is found to be an employee of Defendant, which Defendant denies, Defendant did not willfully violate the FLSA with respect to Plaintiff or any other individual.

30. If Plaintiff is found to be an employee of Defendant, which Defendant denies, Plaintiff is not entitled to any liquidated damages because Defendant acted in good faith and had reasonable grounds for believing that any alleged acts or omissions did not violate the FLSA.

31. To the extent that this matter is allowed to proceed as a collective action, which Defendant denies is appropriate, the claims of the Putative Class Members are barred, in whole or in part, by their exempt status under the FLSA and related regulations, including but not limited to the executive, administrative, and/or highly compensated employee exemptions.

32. To the extent Plaintiff seeks remedies against Defendant beyond those available under the statute upon which Plaintiff's claims are based, such remedies are improper.

33. A class or collective action is inappropriate because Plaintiff is not similarly situated to the Putative Class Members as defined, and the Putative Class Members as defined are not similarly situated to each other.

34. Plaintiff is not a proper representative of the purported class Plaintiff seeks to represent, and the purported class is not a class which can properly be certified in this action.

HOU:0022339/00000:1433443v2

35. Collective action is inappropriate for the claims brought by Plaintiff due to the varied factual circumstances, work history and exemptions regarding the position, duties and responsibilities of Plaintiff and each Putative Class Member.

36. Collective action is inappropriate because the purported class is not so numerous that joinder of the purported class members would be impracticable.

37. The claims of Plaintiff and the Putative Class Members are not proper for class certification because there are not questions of law or fact that are common to the class.

38. The claims of Plaintiff and the Putative Class Members are not proper for class certification because the claims or defenses of the representative parties are not typical of the claims or defenses of the Putative Class Members.

39. The claims of Plaintiff and the Putative Class Members are not proper for class certification because the named Plaintiff, as the representative party, will not fairly and adequately protect the interests of the Putative Class Members.

40. The claims of Plaintiff and the Putative Class Members are not proper for class certification because the questions of law or fact that allegedly are common to the Putative Class Members will not predominate over any questions affecting only individual Putative Class Members.

41. The claims of Plaintiff and the Putative Class Members are not proper for class certification because a collective action is not superior to other available methods for fair and efficient adjudication of this controversy.

42. If this matter is allowed to proceed as a collective action, which Defendant denies is appropriate, all defenses asserted for any of the claims of any Plaintiff will apply equally to all similarly-situated plaintiffs who join in the class.

43. Defendant reserves the right to plead any additional defenses or affirmative defenses that may be applicable based upon evidence revealed during discovery.

WHEREFORE, Defendant C&J Energy Services, Inc. prays that the Court dismiss Plaintiff's Original Complaint, that Plaintiff take nothing by his suit, that all relief prayed for by Plaintiff in this action be denied, that Defendant recover all costs of court and attorneys' fees incurred herein, and that Defendant have such other and further relief, general and special, legal and equitable, to which it may be entitled.

                                      Respectfully submitted,

                                      By:   /s/ Scott K. Davidson
                                              SCOTT K. DAVIDSON
                                              State Bar No. 24031990
                                              Southern District ID No. 33037
                                              600 Travis Street, Suite 3400
                                              Houston, Texas 77002-3095
                                              sdavidson@lockelord.com
                                              Telephone: (713) 226-1305
                                              Facsimile: (713) 223-3717

                                              ATTORNEY-IN-CHARGE FOR
                                              DEFENDANT C&J ENERGY
                                              SERVICES, INC.

OF COUNSEL:

LOCKE LORD BISSELL & LIDDELL LLP
J. MICHAEL ROSE
State Bar No. 24041819
Southern District ID No. 36797
MEGAN E. ALEXANDER
State Bar No. 24064802
Southern District ID No. 971353
600 Travis Street, Suite 3400
Houston, Texas 77002-3095
jmrose@lockelord.com
mealexander@lockelord.com
Telephone: (713) 226-1200
Facsimile: (713) 223-3717

HOU:0022339/00000:1433443v2

CANALES & SIMONSON, P.C.
HECTOR A. CANALES
State Bar No. 24006951
Southern District ID No. 29396
2601 Morgan Avenue
Corpus Christi, Texas 78405
hacanales@canalessimonson.com
Telephone: (361) 883-0601
Facsimile: (361) 884-7023

HOU:0022339/00000:1433443v2

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 31st day of December, 2009, a true and correct copy of the above and foregoing instrument was served upon all counsel of record via certified mail, return receipt requested and addressed as follows:

Jon D. Brooks
BROOKS LLP
400 Mann Street, Suite 1001
Corpus Christi, Texas 78401

Bobby Bourlon
THE BOURLON LAW FIRM
1600 E. Main Street, Suite 227
Alice, Texas 78332

                                           /s/ Scott K. Davidson
                                           Scott K. Davidson