IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL TOLENTINO, JUAN PACHECO, JAVIER GARCIA, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § § § § | |
| Plaintiffs, | § § | Civil Action No. 2:09-cv-326 |
| v. | § § | JURY TRIAL DEMANDED |
| C&J SPEC-RENT SERVICES, INC., | § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. 216(b) |
| Defendant. | § | |

## DEFENDANT C&J SPEC-RENT SERVICES, INC.'S ORIGINAL ANSWER TO PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT

Defendant C&J Spec-Rent Services, Inc. ("Defendant") files this its Answer to Plaintiffs Michael Tolentino ("Tolentino"), Juan Pacheco ("Pacheco") and Javier Garcia's ("Garcia") (collectively "Plaintiffs") Second Amended Original Complaint (the "Complaint"), and would show the Court the following:

### ANSWER

### RESPONSE TO PRELIMINARY STATEMENT

Defendant denies that it has violated any provision of the Fair Labor Standards Act of 1938 (the "FLSA"), including either Section 207 or Section 216 of the FLSA pursuant to which Plaintiffs purport to bring claims on behalf of themselves and all others similarly situated.

### A.  PARTIES

1. With respect to the allegations in paragraph 1 of the Complaint, Defendant admits that the named Plaintiffs are Michael Tolentino, Juan Pacheco and Javier Garcia. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in

paragraph 1 of the Complaint regarding Plaintiffs' residence, so Defendant denies all such allegations.

2. With respect to the allegations in paragraph 2 of the Complaint, Defendant admits that Plaintiffs seeks to certify a class defined as "all persons employed by Defendant in 'Operator' and 'Supervisor' and similar positions positions [sic] at Defendant's Robstown and Marshall, Texas facilities, respectively, between November 21, 2006, and the present ('Putative Class Members')." Defendant denies that class certification is proper under 29 U.S.C. § 216(b), and further denies that the Putative Class Members as defined are similarly situated to each other and to Plaintiffs. Defendant denies all other allegations in paragraph 2 of the Complaint.

3. With respect to the allegations in paragraph 3 of the Complaint, Defendant admits that it is a corporation authorized to conduct business in the State of Texas and is a subsidiary of C&J Energy Services, Inc. Defendant admits that it has already made an appearance in this matter.

### B.     JURISDICTION

4. With respect to the allegations in paragraph 4 of the Complaint, Defendant admits that Plaintiffs' claims purport to present a federal question and are asserted pursuant to § 207 of the FLSA. Defendant denies all other allegations in paragraph 4 of the Complaint.

### C.     VENUE

5. Defendant denies that it engaged in any unlawful or impermissible conduct giving rise to the claims asserted in the Complaint. Further, inasmuch as Plaintiffs purport to include individuals that worked in Marshall, Texas as Putative Class Members, Defendant denies that all alleged events occurred in this district. Defendant denies all other allegations in paragraph 5 of the Complaint.

HOU:0022339/00008:1441083v1

## D.     FACTS

6.     Defendant admits that Plaintiffs are former employee of Defendant.  Defendant denies that the Putative Class Members as defined are similarly situated to Plaintiffs.  Defendant denies all other allegations in paragraph 6 of the Complaint.

7.     With respect to the allegations in paragraph 7 of the Complaint, Defendant admits that Tolentino and Pacheco worked out of the Defendant's office in Robstown, Texas, but denies that Tolentino or Pacheco worked out of the Defendant's office in Marshall, Texas.  Defendant admits that Garcia worked out of the Defendant's offices in Robstown, Texas and, Marshall, Texas.  Defendant denies the allegation that Plaintiffs were "blue collar workers."  Defendant admits that Pacheco and Garcia had no managerial duties or responsibilities.  Defendant denies the allegation that Tolentino had no managerial or supervisory duties and responsibilities.  Defendant denies that the Putative Class Members are similarly situated to Plaintiffs.  Defendant denies all other allegations in paragraph 7 of the Complaint.

8.     Defendant denies that it employed Tolentino on the specific dates asserted in the Complaint, but admits that it employed Tolentino from November 17, 2005, through January 28, 2009.  Additionally, Tolentino was employed by Defendant as a Supervisor from October 9, 2006 through January 28, 2009, and had duties and responsibilities during this time period that were separate and distinct from the duties of an Operator, so Defendant denies all allegations in paragraph 8 of the Complaint with respect to Tolentino's dates of service as a Supervisor and the duties and responsibilities of such position.  Defendant denies all other allegations in paragraph 8 of the Complaint.

9.     During the time period relevant to this lawsuit, Tolentino was exempt from the overtime provisions of the FLSA with respect to his employment by Defendant.  Accordingly,

3

Defendant admits the allegation in paragraph 9 of the Complaint that Defendant paid Tolentino a fixed salary with no overtime pay for hours worked in excess of 40 hours in a week. Defendant denies all other allegations in paragraph 9 of the Complaint.

10. Defendant denies that it employed Pacheco on the specific dates asserted in the Complaint, but admits that it employed Pacheco from August 9, 2006 through April 27, 2007 and from February 19, 2008 through August 22, 2008. Defendant admits Pacheco worked as an operator during his employment with Defendant but denies he worked as a pump operator at all times.

11. Defendant denies all allegations in paragraph 11 of the Complaint.

12. Defendant denies that it employed Garcia on the specific dates asserted in the Complaint, but admits that it employed Garcia from January 18, 2006 through December 12, 2007, and then from June 2, 2008 through November 8, 2008. Defendant admits Garcia worked as an operator during his employment with Defendant.

13. Defendant denies all allegations in paragraph 13 of the Complaint.

14. Defendant denies all allegations in paragraph 14 of the Complaint.

15. Defendant denies all allegations in paragraph 15 of the Complaint.

16. Defendant denies all allegations in paragraph 16 of the Complaint.

17. Defendant denies all allegations in paragraph 17 of the Complaint.

### E.     CAUSE OF ACTION

18. Defendant incorporates herein by reference paragraphs 1-17, as if set forth fully herein.

19. Defendant denies all allegations in paragraph 19 of the Complaint.

20. Defendant denies all allegations in paragraph 20 of the Complaint.

21. With respect to the allegations in paragraph 21 of the Complaint, Defendant admits that Plaintiffs purports to seek the recovery of costs and attorneys' fees incurred, but denies that Plaintiffs or any of the Putative Class Members as defined are entitled to the recovery of such costs and attorneys' fees. Defendant denies all other allegations in paragraph 21 of the Complaint.

22. All other allegations and averments of the Complaint not heretofore admitted or denied by the Defendant are hereby denied.

## PRAYER

23. With respect to the "Prayer" set forth on pages 6 and 7 of the Complaint, Defendant admits that Plaintiffs seek, for themselves and on behalf of those they assert are similarly situated, various recoveries against Defendant, but denies that it has engaged in any unlawful or illegal conduct and denies that any just or proper basis exists for awarding relief against Defendant and in favor of Plaintiffs or any other individuals.

## DEFENSES AND AFFIRMATIVE DEFENSES

24. Each defense and affirmative defense is made without admitting the burden of proof and is stated in the alternative and exists separately from all other defenses or affirmative defenses.

25. Plaintiffs' claims contained in the Complaint are barred, in whole or in part, by the applicable two (2) year statute of limitations, 29 U.S.C. § 255(a).

26. Plaintiffs' claims contained in the Complaint are barred, in whole or in part, by the applicable three (3) year statute of limitations, 29 U.S.C. § 255(a).

27. Plaintiffs' claims in the Complaint are barred, in whole or in part, due to Plaintiffs' exempt status under the FLSA and related regulations, including but not limited to the executive and/or highly compensated employee exemptions.

28. Defendant did not willfully violate the FLSA with respect to Plaintiffs or any other individual.

29. Plaintiffs are not entitled to any liquidated damages because Defendant acted in good faith and had reasonable grounds for believing that any alleged acts or omissions did not violate the FLSA.

30. To the extent that this matter is allowed to proceed as a collective action, which Defendant denies is appropriate, the claims of the Putative Class Members are barred, in whole or in part, by their exempt status under the FLSA and related regulations, including but not limited to the executive and/or highly compensated employee exemptions.

31. To the extent Plaintiffs seek remedies against Defendant beyond those available under the statute upon which Plaintiffs' claims are based, such remedies are improper.

32. This action may not proceed as a collective action under the FLSA because all of the requirements of 29 U.S.C. § 216 have not been and cannot be satisfied.

33. A class or collective action is inappropriate because Plaintiffs are not similarly situated to each other or the Putative Class Members as defined, and the Putative Class Members as defined are not similarly situated to each other.

34. Plaintiffs are not proper representatives of the purported class Plaintiffs seek to represent, and the purported class is not a class which can properly be certified in this action.

HOU:0022339/00008:1441083v1

35. Collective action is inappropriate for the claims brought by Plaintiffs due to the varied factual circumstances, work history, exemptions and locations regarding the position, duties and responsibilities of Plaintiffs and each Putative Class Member.

36. The claims of Plaintiffs and the Putative Class Members are not proper for class certification because there are not questions of law or fact that are common to the class.

37. The claims of Plaintiffs and the Putative Class Members are not proper for class certification because the claims or defenses of the representative parties are not typical of the claims or defenses of the Putative Class Members.

38. The claims of Plaintiffs and the Putative Class Members are not proper for class certification because the named Plaintiffs, as the representative parties, will not fairly and adequately protect the interests of the Putative Class Members.

39. The claims of Plaintiffs and the Putative Class Members are not proper for class certification because the questions of law or fact that allegedly are common to the Putative Class Members will not predominate over any questions affecting only individual Putative Class Members.

40. The claims of Plaintiffs and the Putative Class Members are not proper for class certification because a collective action is not superior to other available methods for fair and efficient adjudication of this controversy.

41. If this matter is allowed to proceed as a collective action, which Defendant denies is appropriate, all defenses asserted for any of the claims of any Plaintiffs will apply equally to all similarly-situated plaintiffs who join in the class.

42. Defendant reserves the right to plead any additional defenses or affirmative defenses that may be applicable based upon evidence revealed during discovery.

WHEREFORE, Defendant C&J Spec-Rent Services, Inc. prays that the Court dismiss Plaintiffs' Second Amended Original Complaint, that Plaintiffs take nothing by their suit, that all relief prayed for by Plaintiffs in this action be denied, that Defendant recover all costs of court and attorneys' fees incurred herein, and that Defendant have such other and further relief, general and special, legal and equitable, to which it may be entitled.

Respectfully submitted,

By: /s/ Scott K. Davidson
    SCOTT K. DAVIDSON
    State Bar No. 24031990
    Southern District ID No. 33037
    600 Travis Street, Suite 2800
    Houston, Texas 77002-3095
    sdavidson@lockelord.com
    Telephone: (713) 226-1305
    Facsimile: (713) 223-3717

    ATTORNEY-IN-CHARGE FOR
    DEFENDANT C&J SPEC-RENT
    SERVICES, INC.

OF COUNSEL:

LOCKE LORD BISSELL & LIDDELL LLP
J. MICHAEL ROSE
State Bar No. 24041819
Southern District ID No. 36797
MEGAN E. ALEXANDER
State Bar No. 24064802
Southern District ID No. 971353
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
jmrose@lockelord.com
mealexander@lockelord.com
Telephone: (713) 226-1200
Facsimile: (713) 223-3717
CANALES & SIMONSON, P.C.
HECTOR A. CANALES
State Bar No. 24006951
Southern District ID No. 29396
2601 Morgan Avenue
Corpus Christi, Texas 78405
hacanales@canalessimonson.com
Telephone: (361) 883-0601
Facsimile: (361) 884-7023

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 23rd day of February, 2010, a true and correct copy of the above and foregoing instrument was served upon all counsel of record via certified mail, return receipt requested and addressed as follows:

Jon D. Brooks
BROOKS LLP
400 Mann Street, Suite 1001
Corpus Christi, Texas  78401

Bobby Bourlon
THE BOURLON LAW FIRM
1600 E. Main Street, Suite 227
Alice, Texas  78332

                                             /s/  Scott K. Davidson
                                             Scott K. Davidson

HOU:0022339/00008:1441083v1